# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-605V
Filed: November 14, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| VICTORIA MCWILLIAMS, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Decision on Proffer; Damages; |
| SECRETARY OF HEALTH | * | Influenza ("Flu") Vaccine; |
| AND HUMAN SERVICES, | * | Cellulitis. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Alfred V. Altopiedi, Alfred V. Altopiedi, P.C., Springfield, PA, for Petitioner.
Gordon Shemin, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 23, 2013, Victoria McWilliams ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleges that she suffered from cellulitis as a result of an influenza ("flu") vaccination she received on October 24, 2011.

Respondent has conceded that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act and has recommended that compensation be awarded to

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner. Respondent's Report at 6-7, filed November 20, 2013.

Informed by Respondent's concession that an award of damages is appropriate, the undersigned finds that Petitioner is entitled to compensation under the Vaccine Act.

On November 13, 2014, Respondent filed a Proffer on Award of Compensation ("Proffer"). In the Proffer, Respondent represents that Petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

A. **A lump sum payment of $692,091.67, representing compensation for life care expenses expected to be incurred during the first year after judgment ($18,780.30), lost earnings ($493,737.90), pain and suffering ($167,644.07), and past unreimbursable expenses ($11,929.40), the form of a check payable to Petitioner; and**

B. **An amount sufficient to purchase the annuity contract described in the Proffer section II. B.**

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

   **IT IS SO ORDERED.**

                                            s/ Lisa Hamilton-Fieldman
                                            Lisa Hamilton-Fieldman
                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| VICTORIA McWILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | No. 13-605V |
| v. | ) ) ) | Special Master Hamilton-Fieldman ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner Laura Fox, MSN, RN, CNCLP, and petitioner engaged Alex Karras, OTR, CRC, CCM, MSCC, CLCP, to provide an estimation of Victoria McWilliams's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in respondent's Rule 4(c) Report filed November 20, 2013, conceding entitlement in this case. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Victoria McWilliams, attached hereto as Tab A.[1] Respondent proffers that Victoria McWilliams should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

      B.      Lost Earnings

The parties agree that based upon the evidence of record, Victoria McWilliams has suffered a past loss of earnings and will continue to suffer a loss of earnings in the future. Therefore, respondent proffers that Victoria McWilliams should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Victoria McWilliams's lost earnings is $493,737.90. Petitioner agrees.

      C.      Pain and Suffering

Respondent proffers that Victoria McWilliams should be awarded $167,644.07 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents Victoria McWilliams's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $11,929.40. Petitioner agrees.

      E.      Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her.

**II.**      **Form of the Award**

The parties recommend that the compensation provided to Victoria McWilliams should be made through a combination of lump sum payments and future annuity payments as described

below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $692,091.67, representing compensation for life care expenses expected to be incurred during the first year after judgment ($18,780.30), lost earnings ($493,737.90), pain and suffering ($167,644.07), and past unreimbursable expenses ($11,929.40), in the form of a check payable to petitioner, Victoria McWilliams.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Victoria McWilliams, only so long as Victoria McWilliams is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Victoria McWilliams, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Victoria McWilliams's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.   Summary of Recommended Payments Following Judgment**

    A. Lump Sum paid to petitioner, Victoria McWilliams:  **$ 692,091.67**
    B. An amount sufficient to purchase the annuity contract described above in section II. B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

s/ Gordon Shemin
GORDON SHEMIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4208

Dated: November 13, 2014.

**Appendix A: Items of Compensation for Victoria McWilliams**  Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-3 | Compensation Years 4-8 | Compensation Year 9 | Compensation Year 10 | Compensation Years 11-Life |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015-2016 | 2017-2021 | 2022 | 2023 | 2024-Life |
| COBRA | 5% | | | 2,386.32 | | | | | |
| Medicare Part B | 5% | | M | | 1,258.80 | | | | |
| Medicare Part B Deductible | 5% | * | | | | | | | |
| Medicare Suppl | 5% | | | | | | | | |
| Infectious Disease | 5% | * | | 80.00 | | | | | |
| Orthopedic | 5% | * | | 40.00 | | | | | |
| OT | 4% | * | | 160.00 | | | | | |
| CT Scan Right Shoulder | 5% | * | | 40.00 | | | | | |
| MRI of Left Shoulder | 5% | * | | | | | | | |
| X-ray of Right Shoulder | 5% | * | | 40.00 | | | | | |
| Grab Bars | 4% | | | 15.56 | | | | 15.56 | |
| Hand Held Shower | 4% | | | 43.13 | | | | 43.13 | |
| Long Handled Brush | 4% | | | 23.03 | | | | 23.03 | |
| Spinner Knob Steering Wheel | 4% | | | 24.27 | | | | 24.27 | |
| Shoulder Abduction Pillow | 4% | * | | 119.99 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| Nerve Blocks | 5% | * | | | | | | | |
| Home Health Aide | 4% | | M | 15,808.00 | 15,808.00 | 19,760.00 | 27,740.00 | 27,740.00 | 27,740.00 |
| Lost Earnings | | | | 493,737.90 | | | | | |
| Pain and Suffering | | | | 167,644.07 | | | | | |
| Past Unreimbursable Expenses | | | | 11,929.40 | | | | | |
| Annual Totals | | | | 692,091.67 | 17,106.80 | 19,800.00 | 27,780.00 | 27,885.99 | 27,780.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($18,780.30), lost earnings ($493,737.90), pain and suffering ($167,644.07), and past unreimbursable expenses ($11,929.40): $692,091.67.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
In respondent's discretion items denoted with an "M" payable in twelve monthly installments totaling the annual amounts indicated.